IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES McCODE, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 10-CV-7407 |
| | : | |
| JOEL ZIEGLER, et al., | : | |

**O R D E R**

**AND NOW**, this __15th__ day of __March__, 2012, upon consideration of the pro se[1] Petition for Writ of Habeas Corpus (ECF No. 1) filed by James McCode, and after careful and independent review of the full record including the comprehensive Report and Recommendation of Magistrate Judge Arnold C. Rapoport (R&R, ECF No. 10), and after consideration of Petitioner's pro se Objections to the Report and Recommendation (ECF No. 11), it is **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED.**

3. The Petition For Writ Of Habeas Corpus is **DISMISSED**.[2]

---

[1] Pro se pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] Petitioner entered a plea of guilty to four counts of robbery in the Court of Common Pleas of Philadelphia County on August 21, 1996, and was sentenced to not less than eight nor more than twenty years in prison. Petitioner did not appeal. His conviction became final on September 20, 1996.
    Petitioner filed a pro se petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, on July 17, 1997. Petitioner's PCRA petition was denied in 1999. The Superior Court dismissed his appeal from that denial on March 15, 2000. Petitioner did not seek review in the Pennsylvania Supreme Court. Seven years later, in December 2007, Petitioner filed a second PCRA petition, which was dismissed as untimely on August 22, 2008. Two years later, on September 7, 2010, Petitioner filed a third PCRA petition. Petitioner filed the instant Petition

---

for Writ of Habeas Corpus on December 11, 2010.  On July 22, 2011 Petitioner's third PCRA petition was denied.  Petitioner is no longer incarcerated on the state charges.  However, since his release, he has been convicted of another crime and is currently serving a sentence of 279 months in federal custody.

This Habeas Petition is time-barred, because it was filed many years after the limitations period had expired.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  Generally, this period runs from the date when the state judgment becomes final.  If state-level collateral review is pending, the period is tolled.  § 2244(d)(1)(A)-(2).  If filing the petition was impossible because of an impediment created by illegal state action, the subsequent recognition of a new right by the United States Supreme Court, or the revelation of new facts which were previously unavailable, the period runs from the first date on which the conditions which had fostered such impossibility were no longer in effect.  § 2244(d)(1)(B)-(D).

Petitioner's limitations period began to run on September 20, 1996 and ran through July 17, 1997, at which point it was tolled by his first PCRA petition.  The limitations period began to run again on June 15, 2000, when the period for review in the Pennsylvania Supreme Court expired.  *See Morris v. Horn*, 187 F.3d 333, 337 & n.1 (3d Cir. 1999)).  Petitioner did not file his second PCRA Petition or the instant Habeas Petition until many years beyond the limitations period.  He must therefore demonstrate why the limitations period should be tolled, or why he satisfies one of the exceptions articulated in § 2244(d).

There is no basis for statutory tolling.  Petitioner alludes to his claim, which is addressed in the R&R, that he was not aware of the future consequences of his conviction when he entered the plea of guilty in the instant case. (Objections 1-2; R&R 6-7.)  According to Petitioner, the new facts which justify statutory tolling under § 2244(d)(1)(D) emerged after he was convicted of federal charges in 2007. (Objections 1-2.)  The fact that Petitioner's criminal history could affect his sentencing for future, not-yet-committed crimes is not a new fact for purposes of § 2244(d)(1)(D).  We agree completely with the Magistrate Judge's analysis.  Petitioner is not entitled to statutory tolling.   Petitioner's second objection seeks equitable tolling of the limitations period. (Objections 2-4.)  "§ 2244(d) is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  However, a petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. 408, 418 (2005).  "Mere excusable neglect is not sufficient."  *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 619 (3d Cir. 1999).

Petitioner advances three arguments in favor of equitable tolling.  All three arguments claim that the PCRA court acted wrongly.  First, Petitioner argues that the PCRA court dismissed his petition as untimely because it misunderstood "the time explanation/alternative start date." (Objections 3.)  Second, Petitioner cites the PCRA court's "unlawful dismissal" of his claim, saying it violated Pennsylvania state procedural rules. (*Id*. at 3-4.)  Third, Petitioner claims that the PCRA court, in declining to docket and hear his *coram nobis* claim, violated Pennsylvania state procedural rules. (*Id*. at 4.)

Petitioner's argument could be construed as attempting to invoke § 2244(d)(2).  However, "when a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."  *Pace*, 544 U.S. at 414.  Federal courts conducting habeas review

    4.  A certificate of appealability will not issue.[3]

**IT IS SO ORDERED.**

                   **BY THE COURT:**

                   **/s/ *R. BARCLAY SURRICK, J.***

---

cannot re-examine state court determinations as to state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless "clear and convincing evidence" suggests otherwise, such determinations are presumed correct. 28 U.S.C. § 22154(d)(1); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004). Petitioner proffers no such evidence. Since the PCRA court's ruling on issues of state law is presumed correct, and Petitioner offers no evidence as to why we should not defer to it, we decline to toll the federal habeas period pursuant to § 2244(d)(2).

  Petitioner's first PCRA petition was timely. Petitioner's second PCRA petition was filed in December 2007, more than seven years after the limitations period under § 2244 expired. Even if we were to accept Petitioner's argument, and agree that the PCRA court somehow misapplied Pennsylvania law, Petitioner would not be entitled to equitable tolling. Petitioner did not file his second PCRA claim until December of 2007. The limitations period had already run by the time it was filed and it was dismissed as untimely. Petitioner has shown no basis for equitable tolling of the limitations period for the instant Habeas Petition. It was filed more than 10 years after the limitation period ran. Moreover, we are aware of no extraordinary circumstances that prevented Petitioner from filing. Petitioner's lack of diligence precludes equitable tolling.

  Petitioner's final objection is to the R&R's declaration that his claim is moot. (Objections 5.) The R&R claimed that Petitioner, who is currently serving a federal prison sentence for an unrelated conviction, is not "in custody" pursuant to the conviction he seeks to attack. (R&R 13.) An individual must be in custody under the conviction he is attacking in order to seek federal habeas relief. *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). Although Petitioner is not in the physical custody of the Commonwealth, this is not a prerequisite for custody to attach for purposes of federal collateral review. If Petitioner is on parole, or subject to a state detainer following his eventual release from federal prison, then his liberty is restricted, he is in custody for our purposes, and his claim is not moot. *See id*. at 718. Petitioner has offered no evidence that he is on parole. He has stated that a detainer has been lodged by the state authorities. If this is so, these issues would not be moot. However, it makes little difference because his petition is time barred. Accordingly, he has not satisfied his burden of demonstrating that he is in custody.

  [3] A certificate of appealability only issues if reasonable jurists could disagree with the Court's disposition of this matter. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurists could disagree with our finding that this Petition is time-barred.